### GROSVENOR and another *vs.* ROGERS and others.

In a suit on a bond in a penalty of more than $50, where there has been a trial and a report of referees assessing the damages at less than $50, the plaintiff will not be compelled to accept a tender of the damages, without costs, *upon the footing of a settlement* within the equity of the statute, (2 *R. S.* 616, § 21,) but may, notwithstanding the tender, enter up judgment for the penalty with costs.

DEBT on bond, in the penal sum of $82,64, conditioned that Rogers, who had been committed to the jail limits in the city

Grosvenor v. Rogers.

of New-York, on a precept for the sum of $41,32, should remain a true and faithful prisoner, &c. The plaintiffs for whose benefit the precept was issued, took an assignment of the bond and commenced this action in January, 1845, and in their declaration alleged for a breach of the condition of the bond that Rogers did not remain a true and faithful prisoner, but escaped. The suit was defended on the ground that there had been no escape. After the cause had been several times upon the circuit calendar, it was referred to a sole referee, who, after twenty meetings, reported in favor of the plaintiffs, on the 18th of July last, and assessed their damages at $47,32. The plaintiffs' costs in the suit by this time amounted to about $200. On the 25th of July, the defendants tendered the plaintiffs $47,50 in full settlement and discharge of the action; but the tender was refused.

I. Harris now moved that the defendants be allowed to pay the sum of $47,50 into court, and thereupon that all proceedings on the part of the plaintiffs be perpetually stayed. He cited 2 R. S. 616, § 21; Wells v. Feeter, (5 Wend. 133;) Howe v. Goodrich, (18 Wend. 560.)

M. T. Reynolds, for the plaintiffs, cited The People v. Sternburgh, (1 Denio, 635.)

By the Court, BRONSON, Ch. J. The question is, whether the plaintiffs must accept the damages and lose the costs; or whether they are at liberty to proceed and enter judgment for the penalty of the bond, which will carry costs. The statute only denies costs when a suit upon contract "is settled before judgment, and the sum actually due and admitted" is not sufficient to carry costs. This language plainly imports the assent of both parties. But proceeding on the equity of the statute, the plaintiff has sometimes been compelled, in actions upon penal bonds, to accept the amount due by the condition, without costs. But it has been in cases where the amount could be ascertained by mere computation; and where the plaintiffs'

right to recover had not been litigated before the tender was made. In this case the defendants have contested the plaintiffs' right to recover for a year and a half; and now, after a report against them, and on the eve of a judgment, they propose to pay the damages assessed by the referee, and leave the plaintiffs to bear the costs of the litigation. The case is neither within the letter nor the equity of the statute.

Motion denied.